(78 Misc. Rep. 586.)

### HINTON et al. v. BOGART.

(City Court of New York, Special Term. December, 1912.)

LIFE ESTATES (§ 25*)—TERMINATION—ACTION BY LANDLORD TO RECOVER TAXES —JUDGMENT ON PLEADINGS.

Where, on death of a life tenant, the remaindermen gave notice to the tenant of the termination of a lease made to him, but the tenant, after order to dispossess, continued to occupy the premises, paying the rent and taxes under the lease, and, on reversal of the judgment sustaining a demurrer to the complaint in an action against the tenant to recover taxes paid by the remaindermen, it was held that the relation of landlord and tenant had been revived, it was no defense to such action that, after the order to dispossess was obtained, rent was accepted by plaintiffs "without prejudice," and a motion for judgment on the pleadings will be granted.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 47; Dec. Dig. § 25.*]

Action by Alfred P. Hinton and others against George E. Bogart. On motion for judgment on the pleadings. Motion granted.

See, also, 78 Misc. Rep. 46, 137 N. Y. Supp. 697.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Everett, Clarke & Benedict, of New York City, for plaintiffs.
Ferriss & Storck, of New York City, for defendant.

GREEN, J. This is a motion for judgment on the pleadings, made by the plaintiffs. The action is to recover for taxes paid by the plaintiffs on premises occupied by defendant and originally leased to the defendant by a life tenant, and by the terms of the lease required to be paid by the tenant. The life tenant died, and by due process of law the remaindermen gave notice to terminate the tenancy, and, the tenant not removing from the premises, summary proceedings were duly taken, and an order duly made dispossessing the defendant, but the warrant was never formally executed. Defendant continued to occupy the premises after the order for the dispossession had been issued for a number of years, and paid both the rent and the taxes as they accrued and became due. Upon a demurrer to the complaint herein, interposed previous to this motion, it was held upon appeal to the Appellate Term of the court that the relation of landlord and tenant was revived and continued by the payment and acceptance of the rent. Defendant now contends in his answer to this cause of action that he is not liable for the taxes, which are the subject of this suit, but only for the use and occupation of the premises, and alleges that after the order in summary proceedings was obtained he tendered the rent and it was accepted by the parties plaintiff "without prejudice."

It is upon this last phrase, "without prejudice," that defendant resists this action for the recovery of the taxes. From all the facts alleged in the complaint and the answer, I am of the opinion that the phrase "without prejudice" has an unmistakable and definite meaning, in view of their undisputed transactions and their manner of conduct subsequent to the order for the dispossession. The final order created distinct rights between these parties, and the receipt and payment of the rent "without prejudice" gave the plaintiffs the right to issue a warrant of dispossession, and it gave the tenant the right to voluntarily quit the premises at any time he pleased, and this is clearly apparent from the pleadings. There are no facts set forth in the defense interposed to warrant any other conclusion in my opinion. The parties continued under the terms of the original lease, and by no reasoning can it be spelled out of the answer that defendant was to be released from the payment of taxes by use of the words "without prejudice" in the payment or acceptance of the rent. I am therefore of the opinion that this motion for judgment on the pleadings should prevail, and the same is granted, with $10. costs.

Motion granted, with $10 costs.